NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7021

THOMAS L. JONES,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-0089, Judge Bruce E. Kasold.

ON MOTION

Before NEWMAN, BRYSON, and DYK, Circuit Judges.

PER CURIAM

## O R D E R

The Secretary of Veterans Affairs moves to dismiss for lack of jurisdiction Thomas L. Jones' appeal from a decision of the United States Court of Appeals for Veterans Claims (CAVC). Jones opposes.

Jones sought review by CAVC of a Board of Veterans' Appeals decision denying his claim for an earlier effective date for the award of service connection for hearing loss and tinnitus. The Board ruled that because Jones did not file a claim within a year of the date of his discharge, the effective date of the grant of service connection could not be earlier than the date of the receipt of his claim. CAVC affirmed the Board's decision,

concluding that based on the record the Board did not err in determining Jones' effective date. Jones appeals to this court

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of CAVC. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

In his informal brief, Jones contests that CAVC erred in its determination of his effective date by relying on falsified documents in the record provided by the Secretary. Although Jones asserts that his arguments involve matters of law, this court must look beyond the appellant's characterization of the issues to determine whether they fall within the jurisdiction of this court. Flores v. Nicholson, 476 F.3d 1379, 1382 (Fed. Cir. 2007); Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Here, Jones' arguments, in essence, only contest CAVC's factual determinations in affirming the Board's decision. Because we agree with the Secretary that this court lacks jurisdiction, we must dismiss Jones' appeal.

Accordingly,

IT IS ORDERED THAT:

(1)    The Secretary's motion to dismiss is granted.

(2)    Each side shall bear its own costs.

FOR THE COURT

**MAR 0 5 2009**

_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Thomas L. Jones
       Stephen C. Tosini, Esq.

s20

**MAR 0 5 2009**

ISSUED AS A MANDATE: _____

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 05 2009

JAN HORBALY
CLERK